LILIA BULGUCHEVA, ESQ.  (SBN 291374)
BULGUCHEVA LAW, p.c.
185 Front Street, Suite 107A
Danville, California 94526
Telephone: (925) 854-2926
Facsimile: (925) 886-8017
Email: *lilia@bulguchevalaw.com*

DEWITT M. LACY, ESQ. (SBN 258789)
THE LAW OFFICES OF JOHN L. BURRIS
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: *dewitt.lacy@johnburrislaw.com*

Attorneys for Plaintiff
CODY PRIES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY PRIES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH; CITY OF BRENTWOOD; CONTRA COSTA COUNTY; EDWARD LOSS; BRANDON BUSHBY; MATTHEW HEAD; MATTHEW KING; IAN GOOLD; and DOES 1 – 50,<br><br>Defendants. | Case No. 4:21-cv-04890<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)<br>2. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>3. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability – Failure to Train (42 U.S.C. § 1983)<br>5. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)<br>6. Negligence<br>7. Assault and Battery<br>8. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

-1-

1
2
3
4

Plaintiff Cody Pries (hereinafter, "Plaintiff"), alleges the following on information and belief against Defendants City of Antioch; City of Brentwood; Contra Costa County; Edward Loss; Brandon Bushby; Matthew Head; Matthew King; Ian Goold; and DOES 1 – 50, (collectively, "Defendants"):

5
6

## JURISDICTION AND VENUE

7
8
9
10
11

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related under Article III of the United States Constitution.

12
13
14
15

2.      Venue is proper in this Court because the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Contra Costa, California.

16
17
18

3.      Plaintiff filed a timely claim under Government Code § 911.2, et al., against Contra Costa County, City of Antioch and City of Brentwood, and brings pendant actions under state law.

## PARTIES

19
20

4.      Plaintiff Cody Pries ("Plaintiff") was an adult resident of San Lorenzo, California, at all times relevant to this Complaint.

21
22
23
24

5.      Defendant City of Antioch is a local government entity and a "person" under 42 U.S.C. §1983.  City of Antioch is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Antioch Police Department ("APD") and its agents and employees.

25
26
27
28

6.       Defendant County of Contra Costa is a governmental entity, existing by virtue of the laws and Constitution of the State of California.  County of Contra Costa is responsible for the actions, omissions, policies, procedures, practices and customs of its

various agents and agencies, including the West County Detention Facility and its agents and employees.

7.     Defendant City of Brentwood is a local government entity and a "person" under 42 U.S.C. §1983.  City of Brentwood is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Brentwood Police Department ("BPD") and its agents and employees.

8.     Defendant Edward Loss is and/or was at all times pertinent hereto a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as an officer with BPD.

9.     Defendant Matthew Head is and/or was at all times pertinent hereto a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as an officer with BPD.

10.    Defendant Matthew King is and/or was at all times pertinent hereto a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as an officer with BPD.

11.    Defendant Ian Goold is and/or was at all times pertinent hereto a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as an officer with BPD.

12.    Defendant Brandon Bushby is and/or was at all times pertinent hereto a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as an officer with APD.

13.    Defendants DOES 1-5 are supervisory and/or managerial, supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties as officers for the APD.  DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant City of Antioch.

14.    Defendants DOES 6-10 are supervisory and/or managerial, supervisorial, and policymaking employees who were acting under color of law within the course and

scope of their duties as officers for the BPD.  DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant City of Brentwood.

15.    Defendants DOES 11-15 are supervisory and/or managerial, supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties as officers for the County of Contra Costa and West County Detention Facility.  DOES 11-15 were acting with the complete authority and ratification of their principal, Defendant County of Contra Costa.

16.    The true names and capacities of Defendants DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained.  Plaintiff is informed and believes, and therefore alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiff as herein alleged.  Any reference in this Complaint to "Defendants" also refers to Defendants DOES 1-50.

17.    Plaintiff is informed and believes, and on that basis alleges, that each Defendant, including each of the DOE defendants, was the agent, ostensible agent, servant, aider and abettor, co-conspirator, partner, joint venturer, representative and/or associate of each defendant, and was at all times relevant herein acting within the course and scope of his, her or its authority as agent, ostensible agent, servant, aider and abettor, co-conspirator, partner, joint venturer, representative and/or associate, and with the knowledge, authorization, consent, permission, and/or ratification of each defendant.  On information and belief, all actions of each Defendant alleged herein were ratified and approved by the officers and/or managing agents of each defendant, whether DOE or otherwise.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ALLEGATIONS**

18.     On or about May 10, 2020, Plaintiff was a passenger in a vehicle that was pulled over by APD and BPD officers following a suspected petty theft incident at a Home Depot store in Antioch, CA.  The responding officers pointed their firearms, opened the driver-side door, and instructed the driver to step out of the vehicle.

19.     From the driver side, Defendant Bushby ordered Plaintiff to put his hands up.  Even though Plaintiff complied with this command, Defendant Bushby shot Plaintiff on his left torso with a bean bag gun.  Subsequently, Plaintiff was forced to the ground by the other officers.

20.     While Plaintiff was laying on the ground, Defendant Loss released his police his K9, BLAQ, and ordered him to attack and bite Plaintiff.  BLAQ bit Plaintiff on his right torso.

21.     Plaintiff was handcuffed and taken to John Muir Hospital on Hillcrest Avenue in Antioch, CA to get his wounds cleaned. Following the brief hospital visit, Plaintiff was taken to the West County Detention Facility ("WCDF") for processing and booking.

22.     While Plaintiff was in custody at WCDF, the dog bite wound continued to get worse.  Plaintiff informed the nurse at WCDF that he suspected a staph infection.  The nurse prescribed antibiotics for a month, but otherwise, failed to provide any other treatment.

23.     Over the next few weeks, the dog bite infection continued to get worse. Whenever Plaintiff asked for medical assistance and complained about his inability to walk from the worsening infection, the WCDF personnel threatened and intimidated him.

24.     Finally, on or about May 29, 2020, Plaintiff was taken to the Contra Costa Regional Medical Center and was treated for a Methicillin-resistant Staphylococcus Aureus (MRSA) infection. The treatment consisted of the medical team having to guide scissors deep into Plaintiff's body, draining the infection and sowing the wound back up,

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

which caused Plaintiff intense pain. Upon information and belief, the MRSA infection was caused by the dog bite.

25.     Plaintiff's body remains permanently scarred as a result of the infection.

26.     In addition, Plaintiff is now prone to infections, which greatly limits his abilities at work.

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force, 42 U.S.C. §1983)**
**[Against Defendants Edward Loss, Brandon Bushby, Matthew Head, Matthew King and Ian Goold]**

27.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

28.     The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable or excessive force.  42 U.S.C. § 1983 provides a private right of action for conduct that violates this right.

29.     At all relevant times, Defendants Edward Loss, Brandon Bushby, Matthew Head, Matthew King and Ian Goold (the "Officer Defendants") acted under color of law and in the course and scope of their employment, as set forth above.

30.     On May 10, 2020, the Officer Defendants used excessive force against Plaintiff, including but not limited to shooting Plaintiff with a bean bag gun, and releasing and ordering a policy K-9 to bite Plaintiff when he was not a threat.

31.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered damages, including physical injuries, emotional and mental distress, anguish and pain, reduced earning capacity, lost wages, medical expenses and other economic expenses.

32.     Pursuant to 42 U.S.C. §1983, Plaintiff claims damages for the injuries set forth above, including but not limited to Defendants' unjustified use of excessive force, against the Defendants for violation of Plaintiff's constitutional rights under color of law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33.     As a result of the conduct alleged above, the Officer Defendants are liable to Plaintiff for his injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

34.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrant the imposition of exemplary and punitive damages as to the Officer Defendants.  Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Municipal Liability – Unconstitutional Custom or Policy, 42 U.S.C. §1983)**
**[Against Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15]**

35.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

36.     The Officer Defendants and WCDF personnel acted under color of law.

37.     The acts of the Officer Defendants and WCDF personnel deprived Plaintiff of his particular rights under the United States Constitution.

38.     Upon information and belief, the Officer Defendants and the WCDF personnel acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15.

39.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Officer Defendants and WCDF personnel's were "within policy."

40.     On information and belief, the Officer Defendants and WCDF personnel were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with Plaintiff's arrest and the subsequent deprivation of medical care.

41.     Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15, as policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including unnecessary use of policy canines and bean bag guns;

(b) Providing inadequate training regarding the use of policy canines and bean bag guns;

(c) Providing medical care to inmates who are incarcerated;

(d) Employing and retaining as police officers and other personnel, including the Officer Defendants and WCDF personnel, whom Defendants knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written policies for using excessive force and providing medical care;

(e) Inadequately supervising, training, controlling, assigning and disciplining the Officer Defendants and WCDF personnel, whom Defendants each knew, or in the exercise of reasonable care, should have known had the aforementioned propensities and character traits;

(f) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by the Officer Defendants and WCDF personnel;

(g) Failing to adequately discipline the Officer Defendants and WCDF personnel for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(h) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which officers and personnel do not report other officers' and personnel's error, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(i) Maintaining a policy of inaction and an attitude of indifference towards unlawful use of force by the Officer Defendants, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unreasonable and excessive use of force against civilians; and

(j) Covering up misconduct by the Officer Defendants and WCDF personnel.

42.    These customs and practices by Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15 were condoned by said defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff.

43.    As a direct and proximate result of the aforementioned conduct, Plaintiff suffered damages, including physical injuries, emotional and mental distress, anguish and pain, reduced earning capacity, lost wages, medical expenses and other economic expenses.

44.    Accordingly, Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15 are each liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

45.    The conduct of said Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrant the

COMPLAINT FOR DAMAGES

imposition of exemplary and punitive damages as to these Defendants.  Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Municipal Liability – Ratification, 42 U.S.C. §1983)
### [Against Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15]

46.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

47.     The Officer Defendants and WCDF personnel acted under color of law.

48.     The acts of the Officer Defendants and WCDF personnel deprived Plaintiff of his particular rights under the United States Constitution.

49.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the Officer Defendants and WCDF personnel ratified (or will ratify) the Officer Defendants' and WCDF personnel's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the Officer Defendants' and WCDF personnel's acts.

50.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Officer Defendants and WCDF personnel's were "within policy."

51.     On information and belief, the Officer Defendants and WCDF personnel were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with Plaintiff's arrest and the subsequent deprivation of medical care.

52.     Accordingly, Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15 are each liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

53.     The conduct of said Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrant the

- 10 -

imposition of exemplary and punitive damages as to these Defendants.  Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**(Municipal Liability – Failure to Train, 42 U.S.C. §1983)**
**[Against Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15]**

54.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

55.     The Officer Defendants acted under color of law.

56.     The acts of the Officer Defendants deprived Plaintiff of his particular rights under the United States Constitution.

57.     The training policies of Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15were not adequate to train its officers and personnel to handle the usual and recurring situation with which they must deal.

58.     Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15 were deliberately indifferent to the obvious consequences of its failure to train its officers and WCDF personnel adequately.

59.     The failure of Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15 to provide adequate training caused the deprivation of Plaintiff's rights by the Officer Defendants and WCDF personnel; that is, said defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

60.     Accordingly, Defendants City of Antioch, City of Brentwood, Contra Costa County and DOES 1-15 are each liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

61.     The conduct of said Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrant the

imposition of exemplary and punitive damages as to these Defendants.  Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
**(Denial of Medical Care, 42 U.S.C. §1983)**
**[Against Defendants CONTRA COSTA COUNTY and DOES 11-15]**

62.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

63.     The WCDF personnel acted under color of law.

64.     The acts of the WCDF personnel deprived Plaintiff of his Fourth Amendment rights under the United States Constitution and applies to state actors by the Fourteenth Amendment.  WCDF personnel prevented Plaintiff from obtaining medical treatment for his MRSA infection, and in fact threatened and intimated him when he requested medical care while in their custody.

65.     The denial of medical care contributed to Plaintiff's great physical pain and mental and emotional distress.

66.     The WCDF personnel knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

67.     As a result of their misconduct, said Defendant is liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.  Plaintiff also seeks reasonable legal costs and attorney's fees.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
**(Negligence)**
**[Against All Defendants]**

68.     Plaintiff incorporates by reference the allegations contained in the

- 12 -

1

2          preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

3          69.     Defendants have a duty to use reasonable care to prevent harm or injury to

4      others.  This duty includes, but is not limited to, using appropriate tactics, giving

5      appropriate commands, giving warnings, not using any force unless necessary, using less

6      than lethal options, and not depriving someone of medical care while in their custody.  7.

7          70.     Defendants, and each of them, were negligent in doing the acts alleged in

8      this Complaint.   Defendants City of Antioch, City of Brentwood, Contra Costa County

9      and DOES 1-15 are vicariously liable for the wrongful acts of the Officer Defendants and

10     WCDF personnel pursuant to section 815.2(a) of the California Government Code, which

11     provides that a public entity is liable for the injuries caused by its employees within the

12     scope of employment if the employee's act would subject him or her liability.

13         71.     Plaintiff was injured as a result of that negligence.

14         72.     As a direct and proximate result of that negligence, Plaintiff suffered

15     damages, including physical pain and anguish and severe emotional distress.

16         73.     Each Defendant's conduct was a substantial factor in causing the injuries

17     and severe emotional distress alleged.

18         WHEREFORE, Plaintiff prays for relief as set forth below.

19                          **SEVENTH CAUSE OF ACTION**
                                 **(Assault and Battery)**
20     **[Against Defendants City of Antioch, City of Brentwood, Officer Defendants and
                                    DOES 1-10]**

21         74.     Plaintiff incorporates by reference the allegations contained in the

22     preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

23         75.     On or about May 10, 2020, Defendants, and each of them, while acting

24     within the course and scope of their duties, without provocation, necessity or legal

25     justification, assaulted and battered Plaintiff by shooting him with a bean bag gun and

26     instructing a police K-9 to attack him.

27         76.     Plaintiff did not consent to the conduct of any of the Defendants and

28     was harmed thereby.

77.     A reasonable person in Plaintiff's situation would have been offended by Defendants' conduct.

78.     Each Defendant's conduct was a substantial factor in causing the harm alleged.

79.     Defendants City of Antioch, City of Brentwood, and DOES 1-10 are vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her liability.

WHEREFORE, Plaintiff prays for relief as set forth below.

## EIGHTH CAUSE OF ACTION
**(Violations of California Civil Code §§ 52(b) and 52.1(b))**
**[Against All Defendants]**

80.     Plaintiff incorporates by reference the allegations contained in the preceding and subsequent paragraphs of this Complaint as if fully set forth herein.

81.     Defendants, and each of them, using threats, coercion and intimidation, interfered with and threatened to interfere with Plaintiff's rights guaranteed by the United States Constitution.

82.     The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

83.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under §52.1."  *Chandhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under §52.1 are the same as under §1983").

84.     On information and belief, the Officer Defendants and WCDF personnel, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff, including by deploying a bean bag gun and instructing a K-9 to attack him, without justification or excuse, by integrally participating and failing to intervene in the violence, and by denying Plaintiff necessary medical care.

85.     When the Officer Defendants used excessive force during Plaintiff's arrest, and the WCDF personnel denied him medical care, they interfered with his civil rights to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty and property.

86.     On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by the Defendants were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

87.     Defendants successfully interfered with the above civil rights of Plaintiff.

88.     The individually named Defendants, and each of them, acted with malice and oppression.  These Defendants' conduct was intended to harm Plaintiff or was despicable, carried out with a conscious disregard of Plaintiff's rights or safety.  Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights.  Plaintiff is entitled to such statutory damages allowed by California Civil Code §§ 52(b) and 52.1(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For general, special and pecuniary damages according to proof;

2.      For exemplary damages against the individually named Defendants;

3.      For statutory damages pursuant to California Civil Code §§ 52(b) and
52.1(b);

4.      For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. §1988;

5.      For reasonable attorney's fees and costs of suit, pursuant to California Civil
Code §52.1(h);

6.      For pre-judgment and post-judgment interest;

7.      For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated:  June 25, 2021                         **THE LAW OFFICES OF JOHN L. BURRIS**

                                              **BULGUCHEVA LAW, p.c.**

                                              By: */s/ Lilia Bulgucheva*
                                                  Lilia Bulgucheva, Esq.

                                                  *Attorneys for Plaintiff*