s

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CODY PRIES, | Case No. 21-cv-04890-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| CITY OF ANTIOCH, et al., | Re: ECF No. 47 |
| Defendants. | |

In May 2020, police officers — who stopped a car to investigate a petty-theft incident — shot the plaintiff (a passenger in the car) with a bean-bag gun and deployed a police canine, who bit him. The police officers arrested the plaintiff, took him to John Muir Hospital for treatment, and then booked him into the West County Detention Facility, which operates under the control of Contra Costa County, a defendant in this case. The plaintiff sued the police officers for excessive force under 42 U.S.C. § 1983 and state law, and sued the County and unnamed Doe defendants for denial of medical care under § 1983, negligence, and a violation of the Bane Act, Cal. Civ. Code § 52.1. The County moved to dismiss all claims.[1] The court can decide the motion without oral argument and denies it. N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Mot. – ECF No. 47. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-04890-LB

The plaintiff alleged the following about his medical treatment at West County. After his arrest on May 10, 2020, he had a "brief hospital visit" at John Muir, where staff cleaned the wound from the dog bite. At West County, the wound grew worse, and he told the nurse that he suspected a staph infection. "The nurse prescribed antibiotics for a month, but otherwise, failed to provide any other treatment."[2] The infection grew worse, growing to the size of a bowling ball. He told West County employees, "whose identities remain to be ascertained, that the infection was getting worse[,] he was having a medical emergency[,] he suspected a staph infection[, and] the current treatment was not enough."[3] He "showed them that the infection was visibly getting worse, and advised that he could barely walk and required a hospital bed. However, his requests for help were dismissed."[4] Instead, whenever he asked for medical help, the employees "threatened and intimidated him."[5] On May 29, 2020, he saw a doctor, who ordered that he be taken to the Contra Costa Regional Medical Center.[6] There, he was "diagnosed with and treated for a Methicillin-resistant Staphylococcus Aureus []  infection," which involved a medical team's "guid[ing] scissors deep into [his] body, draining the infection and s[e]wing the wound back up."[7] This caused him intense pain and suffering and required the draining of the wound on a daily basis for about a month.[8]

The County moved to dismiss all claims: (1) the § 1983 claim (characterizing it as a *Monell* claim) as not sufficiently pleaded; (2) the negligence claim, on the ground that it is based on the conduct of unnamed deputies (not medical staff), Government Code § 845.6 thus conveys immunity, and the plaintiff did not allege facts to defeat immunity; and (3) the Bane Act claim because the plaintiff did not allege the requisite scienter.[9] The plaintiff countered that (1) he previously dismissed the *Monell* claim and claims only that jail staff were deliberately indifferent

---

[2] First Am. Compl. – ECF No. 39 at 5 (¶¶ 19, 22–23).

[3] *Id.* (¶ 24).

[4] *Id.* at 5–6 (¶ 24).

[5] *Id.*

[6] *Id.* at 6 (¶ 25).

[7] *Id.*

[8] *Id.* at 6 (¶¶ 25–26).

[9] Mot. – ECF No. 47 at 5–7.

ORDER – No. 21-cv-04890-LB           2

to his medical needs, in violation of § 1983, and (2) he plausibly pleaded facts to support all claims.[10] The court denies the motion.

The plaintiff plausibly pleads that the defendants — despite their knowledge of his worsening medical condition and pleas for medical help — denied him constitutionally adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994) (prison officials are deliberately indifferent if they know that a prisoner faces a substantial risk of serious harm and disregard that risk by failing to take reasonable steps to abate it). The County did not address the plaintiff's contentions about the deliberate-indifference claim and instead characterized the plaintiff's argument as a concession that dismissal of the § 1983 claim is appropriate.[11] But the plaintiff conceded only the *Monell* claim, not the § 1983 claim for deliberate indifference in violation of the Fourteenth Amendment.[12]

The plaintiff plausibly pleads negligence and a violation of the Bane Act, too. Government Code § 845.6 does not defeat the negligence claim: a public employee is liable if the employee "knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. The plaintiff also alleged that instead of helping him, the County employees threatened him, satisfying — at least at the pleadings stage — the requisite scienter under the Bane Act. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040–45 (9th Cir. 2018) (specific intent to violate the arrestee's constitutional rights).

The court denies the motion to dismiss. This disposes of ECF No. 47.

**IT IS SO ORDERED.**

Dated: November 24, 2021

LAUREL BEELER
United States Magistrate Judge

---

[10] Opp'n – ECF No. 51 at 4–7 (referencing Joint Stipulation – ECF No. 37 (dismissing *Monell* claim)).
[11] Reply – ECF No. 53 at 2–3.
[12] Order – ECF No. 38 at 2.